IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,362-01






EX PARTE JONATHAN KEITH WEBB, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2595-A IN THE 100TH DISTRICT COURT


FROM COLLINGSWORTH COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to seven (7) years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel told him that he would get
probation if he pleaded guilty. Also, Applicant alleges that he was incompetent to enter his plea
because he has suffered permanent brain injury as a result of a car accident and has been diagnosed
with "compulsive disorder," ADHD, and bipolar disorder. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d) in that it shall order counsel to file an affidavit addressing: (1) whether
counsel advised Applicant that he would receive probation if he pleaded guilty; and, (2) whether
counsel believed Applicant was competent to enter his plea. The trial judge shall also forward a
transcription of the court reporter's notes from the plea hearing. In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial judge shall make findings of fact as to
whether counsel advised Applicant that he would be placed on probation if he pleaded guilty. Also,
the trial judge shall make findings of fact as to whether Applicant was competent to enter his plea. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 9, 2008

Do not publish